IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 26, 2012

## BOBBY JOE STRADER v. DAVID OSBORNE, WARDEN

**Appeal from the Criminal Court for Morgan County**
**No. 2011-CR-51      E. Eugene Eblen, Judge**

_____

**No. E2011-02510-CCA-MR3-HC - Filed August 17, 2012**

_____

The Petitioner, Bobby Joe Strader, appeals as of right from the Morgan County Criminal Court's summary dismissal of his petition for writ of habeas corpus. The Petitioner contends (1) that the habeas corpus court erred by not appointing counsel and not allowing him to amend his petition with the assistance of counsel prior to its dismissal and (2) that the habeas corpus court erred by summarily dismissing his petition. Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Bobby Joe Strader, Wartburg, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and John H. Bledsoe, Senior Counsel, for the appellee, State of Tennessee.

## OPINION

In 1998, the Petitioner pled guilty to one count of second degree murder, a Class A felony. See Tenn. Code Ann. § 39-13-210. The trial court imposed a sentence of twenty-three years and classified the Petitioner as a violent offender, requiring 100 percent service of the sentence. This court affirmed the Petitioner's sentence on direct appeal. See State v. Bobby Joe Strader, No. 03C01-9812-CR-00425, 1999 WL 1023738 (Tenn. Crim. App. Nov. 10, 1999).

On August 12, 2011, the Petitioner filed a petition for writ of habeas corpus in the Morgan County Criminal Court. The petition alleged that the Petitioner's sentence was void

because the trial court began its sentencing consideration at the midpoint of the sentencing range rather than at the minimum of the range. The Petitioner included with his petition five pages from the transcript of his sentencing hearing and a request that counsel be appointed to file an amended petition. However, the Petitioner failed to include with his petition a copy of the judgment against him, an affirmation that this claim of illegality had not been previously adjudicated, or an affirmation that this was his first application for writ of habeas corpus.

The State filed a motion to dismiss the petition on September 23, 2011. On September 26, 2011, the habeas corpus court entered an order summarily dismissing the petition. The Petitioner subsequently filed an application for an extraordinary appeal to this court pursuant to Tennessee Rule of Appellate Procedure 10. This court denied the Petitioner's application but granted his request for an untimely appeal.

On appeal, the Petitioner contends that the trial court erred by dismissing his petition without appointing counsel and that the grounds for dismissing the petition relied upon by the State and the habeas corpus court "were false–blatant misrepresentations." The Petitioner argues that his petition was procedurally sound because he included a portion of his sentencing hearing transcript with it. The Petitioner also argues that his sentence is void because he "was sentenced under the wrong law." The State responds that summary dismissal was warranted because the Petitioner failed to scrupulously follow the mandatory procedural requirements for a habeas corpus petition. The State further responds that even if true, the Petitioner's claim would not be cognizable in a habeas corpus proceeding because his sentence would be merely voidable and not void.

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

The Petitioner complains that the habeas corpus court summarily dismissed his petition without the appointment of counsel and without giving him an opportunity to file an amended petition with the assistance of counsel. A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); see Tenn. Code Ann. § 29-21-109. Additionally, "[t]here is no federal or state constitutional right to counsel in a habeas corpus proceeding." Summers, 212 S.W.3d at 260. Instead, appointment of counsel is left to the trial court's discretion and only permitted when "necessary." Id.; see Tenn. Code Ann. § 40-14-204. Indeed, appointment of counsel is not even required when "a petition states a cognizable claim for habeas corpus relief." Id. at 261. As will be discussed below, the Petitioner failed to met the procedural requirements for a habeas corpus petition and failed to state a cognizable claim for habeas corpus relief in his petition; therefore, the habeas corpus court did not err in dismissing the petition without the appointment of counsel.

Tennessee Code Annotated section 29-21-107 lists the procedural requirements for a valid petition for writ of habeas corpus. One of the requirements is that the petition must list the cause of the alleged illegal restraint "according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence." Tenn. Code Ann. § 29-21-107(b)(2). Affirmations that "the legality of the restraint has not already been adjudged upon a prior proceeding of the same character" and that this is the "first application for the writ" are also required. Tenn. Code Ann. § 29-21-107(b)(3)-(4). The procedural requirements for habeas corpus relief, including the attachment of a copy of the judgment at issue, are "mandatory and must be followed scrupulously." Archer, 851S.W.2d at 165.

The Petitioner failed to attach a copy of the judgment at issue to his petition. The procedural requirements in Tennessee Code Annotated section 29-21-107 are clear that a copy of the judgment must be attached to the petition "or a satisfactory reason given for its absence." The Petitioner has provided neither. Failure to attach a copy of the judgment or provide a satisfactory reason for its absence is fatal to a petition for writ of habeas corpus. Additionally, the Petitioner attached only five pages from the transcript of his sentencing hearing. We agree with the State that because the Petitioner's claim was that the trial court "used the wrong standard in setting his sentence length . . . the full transcript would be necessary to determine how precisely the convicting court reached its sentencing decision." Also, the Petitioner failed to state in his petition whether he had previously filed other habeas corpus petitions and whether the claim of illegality of his sentence had ever been previously adjudicated. Tennessee Code Annotated section 29-21-107 requires affirmations of both within the petition.

Furthermore, the petition fails to state a claim cognizable in a habeas corpus proceeding. The Petitioner alleged that the trial court violated the 1989 Sentencing Act by beginning its sentencing consideration at the midpoint of the sentencing range rather than at the minimum of the range. However, even if the Petitioner's assertion were true, such an error would make the Petitioner's sentence merely voidable and not void. "The trial court had the jurisdiction and authority to sentence" the Petitioner within a range of fifteen to twenty-five years and did so. Jacques B. Bennett v. Virginia Lews, Warden, No. E2006-01592-CCA-R3-HC, 2007 WL 416376, at *2 (Tenn. Crim. App. Feb. 8, 2007), perm. app. denied, (Tenn. June 18, 2007). Any alleged error in the setting of the sentence length within the applicable range would be an "appealable error" that would not be cognizable in a habeas corpus proceeding. See Cantrell v. Easterling, 346 S.W.3d 445, 450-52 (Tenn. 2011). Accordingly, we conclude that the habeas corpus court did not err in summarily dismissing the petition.

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE